# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3819

_____

United States of America,

        Appellee,

v.

Deandre Fugate,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri
\*
\* [UNPUBLISHED]
\*

_____

Submitted: November 18, 2005
Filed: December 16, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Deandre Fugate appeals from the final judgment entered in the District Court[1] for the Western District of Missouri after he pleaded guilty to possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. After granting the government's motion for a substantial-assistance departure, the district court sentenced Fugate to 46 months imprisonment and 4 years supervised release. Counsel has moved to withdraw on appeal and has filed a brief pursuant to <u>Anders v.</u>

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

California, 386 U.S. 738 (1967), arguing that an appeal waiver contained in the plea agreement is not binding because the district court did not ensure that Fugate understood the waiver's terms before accepting his plea, and that the district court erred in refusing to grant a greater departure. In a supplemental brief, counsel argues the district court plainly erred under United States v. Booker, 125 S. Ct. 738 (2005), by treating the Guidelines as mandatory, and the sentence imposed was unreasonable. For the reasons discussed below, we affirm the judgment of the district court.

Because the district court did not engage in the required colloquy at the plea hearing, we do not enforce the appeal waiver. See Fed. R. Crim. P. 11(b)(1)(N) (before accepting guilty plea, court must inform defendant of, and determine he understands, plea-agreement terms waiving appeal rights); United States v. Rojas-Coria, 401 F.3d 871, 872 n.2 (8th Cir. 2005) (not enforcing appeal waiver where plea- and sentencing-hearing transcripts indicated court did not engage in Rule 11(b)(1)(N) colloquy). We cannot, however, review the extent of the substantial-assistance departure, see United States v. Pepper, 412 F.3d 995, 997 (8th Cir. 2005), or the district court's decision not to depart under U.S.S.G. § 4A1.3 given the court's awareness of its authority to depart, see United States v. Mohr, 407 F.3d 898, 902 (8th Cir.) (per curiam) (denial of downward departure based on over-representative criminal history is unreviewable where district court was aware of its authority to depart), cert. denied, (U.S. Nov. 14, 2005) (No. 05-7020).

We also find no plain error in the district court's mandatory application of the Guidelines, because we conclude Fugate cannot show, based on the record as a whole, that he would have received a more favorable sentence under an advisory Guidelines regime. See United States v. Pirani, 406 F.3d 543, 552-53 (8th Cir.) (en banc) (plain-error test), cert. denied, 126 S. Ct. 266 (2005). Although the district court expressed dissatisfaction with "the system," the court stated that it could not in good conscience give Fugate a sentence less than 46 months, which was what a less culpable codefendant had received. See United States v. Parsons, 408 F.3d 519, 522 (8th Cir.

2005) (per curiam) (although district court stated sentence called for by Guidelines "might be slightly high," court also stated that sentence was "appropriate in this case"; appeals court found that statements in their entirety were "equivocal at best" and that defendant thus had not satisfied third factor of plain-error test).

After reviewing the record independently for any nonfrivolous issues, see Penson v. Ohio, 488 U.S. 75 (1988), we have found none. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____