# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2887

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Matthew Powills, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 10, 2008
Filed: August 12, 2008

_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Defendant Matthew Powills pled guilty to knowingly receiving child pornography, 18 U.S.C. § 2252(a)(2), and knowingly possessing child pornography, 18 U.S.C. § 2252(a)(4)(B). The Defendant objects to the district court's[1] sentence of 262 months imprisonment, with 180 months of the sentence to run consecutively to an undischarged state sentence. We affirm.

_____

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Inquiry into the Defendant's activities began in November of 2004 when the Coralville, Iowa Police Department received a report that the Defendant had sexually abused his stepdaughter. The Defendant has been HIV positive since 1996 or earlier. The police substantiated the allegations, and the State of Iowa charged the Defendant with eight counts of sexual abuse in the second degree and one count of criminal transmission of HIV. He pled guilty to two of the sexual abuse counts and the HIV transmission count; the State dismissed the other charges. The Defendant was sentenced to 25 years imprisonment on each count, to be served concurrently. He is currently in the custody of the Iowa Department of Corrections.

As part of their investigation, the Coralville police seized two computers and 133 compact discs from the Defendant's home. After discovering child pornography on some of the discs, the matter was referred to the Federal Bureau of Investigation. On the computers, the FBI found more than 1,300 images of prepubescent and juvenile females posing nude and engaging in sexual acts; at least 268 of the images had been identified from past child exploitation cases. A grand jury indicted the Defendant on charges of receiving child pornography, possession of child pornography, and forfeiture of all property used or intended to be used in the commission of the offense. 18 U.S.C. §§ 2252(a)(2), (4)(B), 2253. The Defendant pled guilty to the charges but did not enter into a plea agreement with the Government.

The United States Probation Office prepared an extensive Presentence Investigation Report (PSR) detailing the Defendant's crimes and sexual history. According to the PSR, the Defendant is a sexual deviant, with proclivities toward pedophilia, incest, bestiality, exhibitionism, voyeurism, and child pornography. The Defendant had molested at least two underage girls, including his stepdaughter, on multiple occasions. He habitually failed to disclose his HIV status to consensual sexual partners, other than his wife. In graphic detail, the PSR described a number of the images and videos seized from the Defendant's computers and discs, which

depicted themes of incest, group sex, urination, bestiality, and child rape. Only a small portion of the materials from the seized compact discs were reviewed.

The PSR initially calculated that the Defendant's crime warranted a total offense level 38 and a criminal history category III, resulting in a Guidelines range of 292 to 365 months in prison. This calculation was partially the result of a five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. United States Sentencing Commission, Guidelines Manual, §2G2.2(b)(5) (Nov. 2006). The Probation Office also recommended the denial of an adjustment for the acceptance of responsibility under Guidelines section 3E1.1. The Defendant objected to the denial of the section 3E1.1 adjustment but not the section 2G2.2(b)(5) enhancement. The Government requested that the PSR be clarified to reflect that under USSG §5G1.3(c), the sentence for the offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment, and that neither section 5G1.3(a) nor (b) apply. The Defendant did not dispute this clarification.

Prior to the sentencing hearing, the Defendant and the Government agreed to jointly recommend that the Defendant be granted full credit for acceptance of responsibility, thus reducing his total offense level to 35 and his advisory Guidelines range to 210 to 262 months. They jointly recommended that the district court impose a total sentence of 262 months, with 151 months to run consecutively to the Defendant's undischarged State sentence.

At the sentencing hearing, the district court accepted the agreement with respect to the acceptance of responsibility adjustment. It calculated a total offense level of 35 and a criminal history category III, yielding a Guidelines range of 210 to 262 months imprisonment. The court remarked that it had received and reviewed the PSR in its entirety and also reviewed the Defendant's sentencing memoranda and letters

submitted on his behalf. When asked if there were any factual inaccuracies in the PSR that needed to be resolved, the Defendant's counsel responded:

> None other than what were identified . . . but I don't believe any of those would affect the Sentencing Guideline[s] range other than the acceptance of responsibility and the parties have reached an agreement for [a] joint sentencing recommendation. I think that would dispose of all the things in the objection letter.

The Defendant then gave an oral statement of considerable length.

> Before pronouncing the sentence, the court stated:

> I have considered the nature and circumstances of this offense and the history and characteristics of this defendant. I have considered, of course, as we all have, the seriousness of this offense. These matters are so serious that it was exceedingly difficult to read the Presentence Report. I couldn't—I couldn't read the whole thing at one time. I would put it down and was just terribly disturbed just by reading it.

After discussing some of its reasoning for imposing the sentence, the court explained that:

> It is important to note the interplay between this sentence and the sentence that Mr. Powills has already received in state court and specifically there is one significant sentencing enhancement here, 2G2.2(b)(5) that enhances the sentence here and is also the basis for this state court criminal prosecution and the sentence that he received there and so the parties have appropriately agreed that the large portion and not all of the sentence should be served consecutively to the sentence of imprisonment in state court.

The district court then sentenced the Defendant to a term of 240 months on the first count, 120 months on the second count, with 22 months of the second count to be served consecutively to the term on the first count for a total of 262 months. Referring

to USSG §5G1.3, the court directed that 180 of the 262 months run consecutively to the undischarged state sentence. As a result, the Defendant will serve 29 months longer than the joint recommendation.

In this appeal, the Defendant argues that the district court misapplied USSG § 5G1.3(b) and that the sentence is unreasonable. Section 5G1.3(b) provides that, if a term of imprisonment is relevant conduct to the offense of conviction under section 1B1.3 subsections (a)(1), (a)(2), or (a)(3), and was the basis for an offense level enhancement, then the sentence should be imposed to run concurrently to the remainder of the undischarged term of imprisonment. Contrary to the Defendant's assertions, however, the district court did not purport to apply section 5G1.3(b). The PSR specifies that section 5G1.3(c) applies, and the "pattern of activity involving the sexual abuse or exploitation of a minor," see USSG §2G2.2(b)(5), is designated in the PSR as "Offense Behavior Not Part of Relevant Conduct." The Defendant did not object to this designation.

We are not persuaded that the PSR or the district court treated the Defendant's State convictions (for sexual abuse in the second degree and criminal transmission of HIV) as relevant conduct to his federal convictions for receiving and possessing child pornography. The district court appropriately applied section 5G1.3(c), and imposed a sentence that was "partially concurrent[] . . . to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG §5G1.3(c).

Nor are we persuaded by the Defendant's argument that his sentence is unreasonable. The district court ordered the Defendant to serve 180 months of his 262-month sentence consecutive to his State court sentence, instead of following the parties' joint recommendation of 151 months served consecutively. This resulted in a 29-month increase in the number of months ordered consecutive to the State sentence. The Defendant asserts that "the court failed to articulate independent

reasons" for declining to follow the joint recommendation of the parties. The argument is without merit.

A district court is not required to recite each of the sentencing factors under 18 U.S.C. § 3553(a), as long as the record makes clear that they were considered. United States v. Hernandez, 518 F.3d 613, 616 (8th Cir. 2008); see Rita v. United States, 127 S. Ct. 2456, 2468-69 (2007). Here, however, the record shows the district court provided a thorough explanation of the reasons for its sentence. To quote the district court, it referenced the "nature and circumstances of the offense and the history and characteristics of this defendant," see 18 U.S.C. § 3553(a)(1), "the seriousness of this offense," see 18 U.S.C. § 3553(a)(2)(A), "the question of just punishment and the need for deterrence to criminal conduct," see 18 U.S.C. § 3553(a)(2)(B), "the need to protect the public from further crimes from this defendant," see 18 U.S.C. § 3553(a)(2)(C), and "the sentencing options that are available," see 18 U.S.C. § 3553(a)(3). The court considered the Sentencing Guidelines, section 3553(a)(4), and "the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct," see 18 U.S.C. § 3553(a)(6). Furthermore, we presume that "a sentence resulting from a proper application of the advisory guidelines[,]" such as the sentence here, "is reasonable." United States v. Clay, 524 F.3d 877, 878 (8th Cir. 2008).

We are satisfied that the Defendant's sentencing was a reasoned process and that the district judge appropriately considered "the individual case and the individual defendant before him . . . ." Rita, 127 S. Ct. at 2469. Accordingly, we affirm the decision of the district court.

_____