# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2459

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Seth Tylibe Nururdin, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 10, 2008
Filed: March 31, 2009

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Seth Tylibe Nururdin pleaded guilty to possession with intent to distribute approximately 48.9 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). At sentencing, Nururdin argued that his sentence should reflect the recently proposed amendment to the crack cocaine guidelines. *See* U.S.S.G. App. C Supp., amend. 706 (Nov. 1, 2007). The district court[1] declined to consider the proposed amendment and sentenced Nururdin to 151 months' imprisonment. Nururdin appealed, arguing that, in light of the proposed amendment, his sentence was unreasonable. He

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

asserted that application of the proposed amendment would result in a Guidelines range of 130 to 162 months. During the pendency of Nururdin's appeal, the proposed amendment became effective and retroactive. U.S.S.G. § 1B1.10(c). As a result, this court remanded the case to the district court for resentencing. At resentencing, the district court imposed a sentence of 130 months' imprisonment. Nururdin again appeals, relying on his previously-filed appellate brief.

## I. *Discussion*

In his previous brief, Nururdin attacked the overall reasonableness of the sentence. He argued that the district court abused its discretion by failing to avoid unwarranted sentencing disparities and by overstating his criminal history. We have repeatedly held that a sentence falling within a properly calculated Guidelines range is entitled to a presumption of reasonableness. *See, e.g., United States v. Powills*, 537 F.3d 947, 951 (8th Cir. 2008). Here, Nururdin does not assert that the district court miscalculated the Guidelines range or failed to consider the § 3553(a) factors. In fact, Nururdin's Guidelines calculation is in accord with the presentence investigation report's calculation of a sentencing range between 130 and 162 months. Nururdin only contends that the district court gave insufficient weight to a potential disparity between his sentence and those of the actual coconspirators in the underlying drug conspiracy. But Nururdin makes no convincing argument on this point, nor does he cite to any controlling authority supporting reversal. Therefore, we hold that the district court's sentence is reasonable.

Nururdin also argues that the district court should have granted a downward departure based on his overstated criminal history. But a district court's denial of a downward departure is "unreviewable unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure." *United States v. Phelps*, 536 F.3d 862, 868 (8th Cir. 2008). Because Nururdin did not allege an unconstitutional motive or assert that the district court was unaware of its

authority, we hold that the district court did not abuse its discretion in denying Nururdin's request for a downward departure.

## II. *Conclusion*

Accordingly, we affirm.

_____