# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3325

_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Leroy Poe

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 18, 2014
Filed: August 22, 2014

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Matthew Leroy Poe appeals the district court's[1] imposition of a 240-month sentence of imprisonment following his guilty plea for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). After Poe was

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

initially sentenced, the district court vacated the sentence pursuant to 28 U.S.C. § 2255 because Poe's counsel failed to file a requested appeal and, thus, the court concluded that Poe had received ineffective assistance of counsel. The district court then resentenced Poe to 240 months imprisonment. It is from this resentencing that Poe now brings this direct appeal. We affirm.

I.

In March 2010, law enforcement officials received information that Poe had shown images of child pornography to others. Law enforcement executed a search warrant for Poe's residence and located compact discs and DVDs containing 17 videos of child pornography that had been downloaded from the internet. Five months after the search, Poe was arrested for committing lascivious actions with a minor, and he was later convicted by a state court of this offense.

In December 2010, Poe was charged by indictment with one count of possession of child pornography. In May 2011, he entered a guilty plea without a plea agreement. At the time of the change-of-plea hearing, the district court noted the statutory minimum (120 months) and statutory maximum (240 months) Poe faced, and Poe acknowledged that he understood these penalties. The district court inquired as to a predicted Sentencing Guidelines range, and the government responded that it believed the Presentence Investigation Report (PSR) would determine Poe's Sentencing Guidelines range to be below the statutory minimum. Poe's counsel agreed with this prediction. The district court then stated, "In that case the mandatory minimum would control." However, at sentencing, the district court calculated Poe's offense level to be 33 with a Category VI criminal history, resulting in an advisory Guidelines range of 235 to 240 months. As relevant to this appeal, Poe received a five-level increase in his offense level for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor." See United States Sentencing Commission, Guidelines Manual, § 2G2.2(b)(5). Poe did not object to this increase

-2-

at sentencing. The district court imposed a 240-month sentence, the statutory maximum. Because the court did not specify that the sentence was to run concurrent with Poe's 10-year state sentence for lascivious actions with a minor, the terms automatically ran consecutively. See 18 U.S.C. § 3584(a).

Following Poe's sentencing, Poe asked his attorney to file an appeal, but she failed to do so. Poe filed a motion to vacate his sentence under 28 U.S.C. § 2255. The district court granted Poe's motion, determining that Poe's counsel was ineffective for failing to file the requested appeal. The district court denied all other grounds of ineffective assistance raised in Poe's section 2255 motion as moot. In the same order, the district court reaffirmed the original sentence and directed the clerk's office to enter an amended judgment reimposing the same 240-month sentence, thus restarting the time from which Poe could appeal his sentence. From this amended judgment, Poe brings this timely appeal.

## II.

In this appeal, Poe argues (1) the district court erred when it imposed a 20-year sentence that runs consecutive to his state sentence, (2) the district court erred in imposing a five-level enhancement in the Sentencing Guidelines calculation for a pattern of activity involving the sexual abuse or exploitation of a minor, and (3) Poe's counsel was ineffective for failing to timely appeal, failing to argue for a concurrent sentence, failing to object to the five-level enhancement, and improperly advising him as to his likely sentence. We review each argument in turn.

## A.

The first issue is whether the district court erred in imposing Poe's 20-year federal sentence to run consecutive to his state-court sentence.. "We review a district court's decision to impose a consecutive or concurrent sentence for reasonableness."

-3-

United States v. McDonald, 521 F.3d 975, 980 (8th Cir. 2008) (quotation omitted). A review for reasonableness is "akin" to review for "abuse-of-discretion." United States v. Mathis, 451 F.3d 939, 941 (8th Cir. 2006). Because Poe did not raise this issue before the district court at sentencing, however, our review is for plain error. See United States v. Lomeli, 596 F.3d 496, 504 (8th Cir. 2010). Thus, we will affirm the consecutive sentence unless Poe can show (1) an error, (2) that is plain, and (3) that affected his substantial rights, and the error seriously affects the "fairness, integrity, or public reputation of judicial proceedings." See id.

Under 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." In determining whether to impose a concurrent or consecutive sentence, a district court "shall consider . . . the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). Here, the district court followed the statutory mandate to consider the section 3553(a) factors. Specifically, the district court stated that it was considering all of the section 3553(a) factors, and it emphasized the severity of Poe's crime and the protection of the public from further crimes committed by Poe. See 18 U.S.C. § 3553(a)(1) (directing sentencing court to consider "the nature and circumstances of the offense"), (a)(2)(C) (directing sentencing court to consider the need for the sentence "to protect the public from further crimes of the defendant"). Although the district court did not discuss the applicability of section 3584, the court considered the proper factors under section 3553(a), and we see no plain error in the sentence.[2] See United States v. Rutherford, 599 F.3d 817, 822 (8th Cir. 2010) ("In

---

[2]Poe argues that the district court should have applied section 5G1.3(b) of the Sentencing Guidelines to run his federal sentence concurrent with his state sentence. Section 5G1.3(b) is not applicable to Poe because he did not receive an enhancement under section 1B1.3 for his prior state conviction. See USSG § 5G1.3(b) (providing that, if term of imprisonment resulted from conduct relevant to current offense of conviction under section 1B1.3 subsections (a)(1), (a)(2), or (a)(3), and was basis for offense level enhancement, then sentence should be imposed to run concurrently to

this case, the district court could have more clearly articulated the correct authority for the imposition of consecutive sentences. In fact, the court completely omitted a discussion of § 3584 in making its sentencing decision. Yet, the § 3553(a) factors were properly considered, as required by § 3584, and, given the evidence, the district court's imposition of consecutive sentences was not an abuse of discretion.").

B.

Poe argues that the district court erred in imposing a five-level increase in his offense level under Sentencing Guidelines section 2G2.2(b)(5) for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. Poe did not object to the PSR's inclusion of this increase. Poe argues that the increase was improper because the Guidelines clearly provide that "'[s]exual abuse or exploitation' does not include possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor." USSG § 2G2.2 comment. (n.1).

Generally, we review the district court's application of the Guidelines de novo and the court's factual findings for clear error. See United States v. Bastian, 603 F.3d 460, 465 (8th Cir. 2010). Again, because Poe failed to object to the application of the enhancement, however, our review in this case is for plain error. See United States v. Pazour, 609 F.3d 950, 952 (8th Cir. 2010) (per curiam). Through his argument, Poe suggests, without any factual support, that the application of the enhancement was based on his possession of child pornography. Poe ignores the PSR's description

remainder of undischarged term of imprisonment). Rather, section 5G1.3(c) is applicable and provides "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c); see United States v. Powills, 537 F.3d 947, 950 (8th Cir. 2008) (reaching same conclusion).

of his prior sexual abuse of two different minors on two different occasions—facts that Poe did not object to at sentencing. The Guidelines direct that "'[p]attern of activity involving the sexual abuse or exploitation of a minor' means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, *whether or not the abuse or exploitation . . . occurred during the course of the offense . . . .*" USSG § 2G2.2 comment. (n.1) (emphasis added). Thus, the district court did not plainly err in finding that Poe had engaged in a pattern of sexual abuse and in applying the five-level increase in Poe's offense level.

C.

Finally, Poe argues that his trial counsel was ineffective for several reasons, including counsel's (1) failure to timely appeal, (2) failure to argue to the district court that Poe's federal sentence be concurrent with his undischarged state sentence, (3) failure to object to the five-level increase for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, and (4) incorrect advice that Poe's Sentencing Guidelines range would be below the statutory minimum.

We only review ineffective assistance of counsel claims on direct appeal in "exceptional cases." United States v. Sanchez-Gonzalez, 643 F.3d 626, 628 (8th Cir. 2011) (internal quotation marks omitted). Such cases exist "if the relevant factual record has been fully developed," failure to consider the claim would result in a "plain miscarriage of justice," or the alleged error is "readily apparent." Id. at 628-29 (internal quotation marks omitted). Ineffective assistance of counsel claims "are generally best litigated in collateral proceedings, such as an action under 28 U.S.C. § 2255." United States v. Schwarte, 645 F.3d 1022, 1034 (8th Cir. 2011).

We decline to consider Poe's claims of ineffective assistance of counsel at this time. While some of the claims Poe presents have been previously presented to the district court and the record has been developed on those claims, the district court

limited its prior grant of relief under section 2255 to counsel's failure to file an appeal as Poe requested. The remaining issues that were presented to the district court were denied as moot and factual findings were not made by the district court on those issues. Further, Poe has not appealed the district court's partial denial of his section 2255 motion. <u>See</u> <u>Poe v. United States</u>, No. 4:12-CV-00353-JEG (S.D. Iowa filed Aug. 3, 2012). Accordingly, we decline to address the claims of ineffective assistance of counsel.

III.

Accordingly, we affirm

_____