# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3278

_____

United States of America,

*Plaintiff - Appellee,*

v.

Derrick Ware,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: March 9, 2015
Filed: July 7, 2015
[Unpublished]

_____

Before WOLLMAN, BEAM, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Derrick Ware appeals a sentence imposed by the district court[1] after revocation of Ware's supervised release. Ware was convicted of bank fraud in 2008, and the

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

court sentenced him to 41 months' imprisonment, followed by a five-year term of supervised release. The court revoked his supervised release in 2012 for committing a new offense of forgery while on release, and sentenced him to 18 months' imprisonment with a three-year term of supervised release to follow.

While on supervised release the second time, Ware committed two violations of the conditions: he failed to appear as directed for a random urinalysis test, and he committed the offense of theft. Ware pleaded guilty to the theft charge in state court, a Class C felony under Iowa law, and was sentenced to an indeterminate term of 15 years' imprisonment in the state system. He then admitted the supervised-release violations at a revocation hearing in federal court. The most serious qualified as a "Grade B" violation under the advisory guidelines, and Ware scored in criminal history category V. The district court sentenced him to the statutory maximum 36 months' imprisonment, a variance upward from the advisory guideline range of 18-24 months. *See* 18 U.S.C. § 3583(e)(3); USSG § 7B1.4(a). The court also ordered that Ware serve the federal sentence consecutive to his state sentence for theft.

Ware argues that his sentence is substantively unreasonable in light of his positive employment history and his efforts to pay court-ordered restitution. As Ware tells it, he was generally able to earn a living while not in custody, and he had paid approximately $10,000 of a $26,268.93 restitution judgment entered in February 2009. He argues further that because the advisory guidelines adequately account for his significant criminal history, the district court's variance upward from the advisory range resulted in a sentence greater than necessary to achieve the aims of 18 U.S.C. § 3553(a). Finally, he contends that the sentence is excessive in light of his undischarged state court sentence.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41 (2007), and we are not convinced that there was error here. The district court gave appropriate consideration

-2-

to the § 3553(a) factors and explained its reasons for the variance. The court observed that Ware had not been successful in "reintegrat[ing] into the community as a law-abiding citizen," despite the services made available to him during supervision. The court expressed concern over his "consistent pattern of criminal activity" involving theft and forgery, even while he enjoyed gainful employment. The court also noted that Ware had been on supervised release for only two months before the arrest in this case, and that his first term of supervised release also ended prematurely with a revocation and a new term of imprisonment.

All of this led the court to conclude that the 18-month term imposed after the first revocation "had little to no impact on his behavior," and that Ware is "an individual that has no desire to make changes and to live a law-abiding life." We conclude that Ware's incorrigibility and general disrespect for the law justified the maximum term of imprisonment after the second revocation of supervised release. *See United States v. Growden*, 663 F.3d 982, 984-85 (8th Cir. 2011). For similar reasons grounded in the § 3553(a) factors, the court did not abuse its discretion in ordering that Ware serve his sentence consecutive to his undischarged state sentence. *See* 18 U.S.C. § 3584(b); *United States v. Poe*, 764 F.3d 914, 916-17 (8th Cir. 2014).

The judgment of the district court is affirmed.

_____