# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1556

_____

United States of America

*Plaintiff - Appellee*

v.

Leslie A. Schulz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 16, 2015
Filed: November 25, 2015
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and KELLY, Circuit Judges.

_____

PER CURIAM.

Leslie A. Schulz pled guilty to one count of conspiracy to defraud the government, in violation of 18 U.S.C. § 286. Very generally, the initial ten-count indictment alleged that Schulz, who owned an accounting and tax service and provided tax preparation services for various clients, along with another named defendant, agreed and conspired to take part in a scheme to defraud the Internal

Revenue Service by filing false federal income tax returns containing fraudulent claims for income tax refunds. The plea agreement stated, in part, that Schulz intended to profit from the scheme by receiving a separate fee for the refund obtained by the various taxpayers. In exchange for the plea, the government dismissed the remaining nine counts. The plea agreement and the presentence investigation report state that the total intended loss of the scheme, had it succeeded, would have been over $4.7 million. The district court[1] sentenced Schulz to twenty-four months' imprisonment.

Schulz appeals, challenging the effectiveness of his counsel at sentencing. Schulz claims his counsel was ineffective in three specific ways: (1) in failing to meaningfully cross-examine the sole government witness regarding any of the contested sentencing issues, (2) in failing to bring pertinent discovery material with him to the sentencing hearing to conduct cross-examination of the witness, and (3) in failing to present any evidence with respect to the contested sentencing issues. Only in exceptional circumstances does this court review ineffective assistance of counsel claims on direct appeal. United States v. Poe, 764 F.3d 914, 918 (8th Cir. 2014) (explaining that only in exceptional cases where failure to consider the claim would result in a plain miscarriage of justice or the alleged error is readily apparent does the circuit court hear ineffective assistance claims on direct appeal). Schulz argues that this case presents just such an exceptional circumstance because the failings of his counsel at sentencing are readily apparent from the transcript itself and thus development of facts outside the original record is unnecessary. We disagree.

While the instant challenge is contemplated and excepted by Schulz's plea waiver, we make no judgment regarding the effectiveness of Schulz's counsel as this argument is best litigated in collateral proceedings. United States v. Woods, 717 F.3d

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

654, 657 (8th Cir. 2013). Although Schulz might disagree, the record is not sufficiently developed to address his ineffective assistance arguments and he has not shown that a miscarriage of justice will result if we decline to do so at this juncture.[2]

Accordingly, we affirm the defendant's sentence and dismiss the appeal.

_____

[2]Schulz only addresses the alleged miscarriage of justice he claims would occur if this court enforces his plea waiver and bars the instant claim. This we do not do.