# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2422

_____

United States of America

*Plaintiff - Appellee*

v.

Chance Garrett Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: May 13, 2019
Filed: August 16, 2019
[Published]

_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Chance Garrett Williams pled guilty to two counts of attempted sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e). He appeals his consecutive sentences. Having jurisdiction under 28 U.S.C. §1291, this court affirms.

Based on Williams' total offense level of 43 and his criminal history category of I, the Sentencing Guidelines recommend life imprisonment. However, under 18

U.S.C. § 2251(e), the statutory maximum sentence is 30 years for each count, or 60 for both. The district court[1] sentenced Williams to consecutive sentences of 360 months' imprisonment on each count, for a total custodial sentence of 720 months (60 years). Williams asserts that (1) the district court erred in making his sentences consecutive, rather than concurrent, and (2) his sentence creates an unwarranted disparity and is substantively unreasonable.

I.

The government argues that the written plea agreement forecloses the appeal. "As a general rule, a defendant is allowed to waive appellate rights." *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). However, the government first must prove that "the appeal is clearly and unambiguously within the scope of the waiver." *United States v. McIntosh*, 492 F.3d 956, 959 (8th Cir. 2007) (cleaned up). The defendant also must have entered into the plea agreement "knowingly and voluntarily." *Andis*, 333 F.3d at 890. This court "will not enforce a waiver where to do so would result in a miscarriage of justice." *Id.* This court reviews de novo "[w]hether a valid waiver of appellate rights occurred." *United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009).

"Where a plea agreement is ambiguous, the ambiguities are construed against the government." *Margalli-Olvera v. I.N.S.*, 43 F.3d 345, 353 (8th Cir. 1994). In the plea agreement, Williams waived his right "to appeal any non-jurisdictional issues" with these exceptions:

> The parties agree that excluded from this waiver is the
> Defendant's right to appeal any decision by the Court to
> depart upward pursuant to the sentencing guidelines as well

---

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a).

The Defendant understands he may not appeal a sentence up to and including his 30 year recommendation as set forth in paragraph G, even if that sentence is reached via upward departure or variance.

The plea agreement thus prohibits Williams from appealing a sentence "up to and including his 30 year recommendation." This could be interpreted to mean that Williams may appeal a total sentence longer than 30 years. In this case—where 30 years was the mandatory minimum for both counts combined (15 years each), and also the statutory maximum on each count individually—the waiver's reference to "30 year recommendation" is unclear and ambiguous.

Reviewing the waiver, the magistrate judge explained that Williams could appeal "if there's an upward departure that goes above and beyond the 30 years" or "if an upward departure variance would place you above the 30-year mandatory minimum and you receive a sentence as such." The government admits this explanation "lacked optimal clarity." This court agrees. The explanation does not clarify the ambiguous language of the written agreement, and it does not ensure that Williams understood the scope of the waiver. *See United States v. Fugate*, 158 Fed. Appx. 748, 749 (8th Cir. 2005) (before accepting a guilty plea, the court must ensure the defendant understands the waiver of appellate rights).

Because the appeal waiver is ambiguous and the district court did not adequately ensure Williams entered into it knowingly and voluntarily, this court does not enforce the waiver.

II.

Williams asserts that the district court erred in ordering his sentences to run consecutively rather than concurrently. Williams did not object to consecutive sentences at sentencing, so this court reviews for plain error. *United States v. Chavarria-Ortiz*, 828 F.3d 668, 670 (8th Cir. 2016). Under plain error review, Williams must show (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Keller*, 413 F.3d 706, 710 (8th Cir. 2005), *quoting Johnson v. United States*, 520 U.S. 461, 466-67 (1997).

"In fashioning sentences, whether concurrent or consecutive, a district court must still continue to determine the appropriate Guidelines range and then consider the § 3553(a) factors." *United States v. Rutherford*, 599 F.3d 817, 821 (8th Cir. 2010). The Guidelines do not mandate concurrent sentences. *See United States v. Williamson*, 782 F.3d 397, 399 (8th Cir. 2015). And, as the district court noted, the Guidelines are advisory. A sentencing court is required to "consider Guidelines ranges," but is permitted to "tailor the sentence in light of other statutory concerns." *United States v. Booker*, 543 U.S. 220, 245 (2005).

The district court correctly calculated the Guidelines range for both offenses as 720 months. For sentencing on multiple counts of conviction, the Guidelines state:

> (b) For all counts not covered by subsection (a), the court shall determine the total punishment and shall impose that total punishment on each such count, except to the extent otherwise required by law.
>
> . . . .
>
> (d) If the sentence imposed on the count carrying the highest statutory maximum is less than the total

-4-

punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2. Here the district court calculated the "total punishment" as 60 years; following the Guidelines, it imposed that sentence. *See United States v. Richart*, 662 F.3d 1037, 1050 (8th Cir. 2011) (defining "total punishment" as "the precise sentence determined by the sentencing judge from within the appropriate [G]uidelines range").

The district court also adequately considered the § 3553(a) factors and explained the consecutive sentences. Imposing the sentence, it discussed the "seriousness of the offense," the need to "send a message to the larger community" that "the violation of children by felonious sexual behavior will not be tolerated," and the "protection of society." A sentencing court need not provide "a separate statement of reasons" for imposing consecutive sentences. *United States v. Bryant*, 606 F.3d 912, 920 (8th Cir. 2010). The district court did not plainly err in imposing consecutive sentences.

III.

Williams contends that the within-Guidelines sentence is substantively unreasonable and creates an unwarranted disparity. This court reviews the substantive reasonableness of a sentence for abuse of discretion. *Rutherford*, 599 F.3d at 820, *citing Gall v. United States*, 552 U.S. 38, 51 (2007). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing

those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). This court presumes that sentences within the Guideline range are "substantively reasonable." *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009).

The district court weighed the proper factors in imposing the maximum sentence. It calculated the Guidelines range and considered the parties' arguments before overruling Williams' objections to two enhancements. In addition to discussing the § 3553(a) factors, the district court described Williams' conduct as "among the most serious offenses we have had" and noted there was "nothing mitigating about your criminal behavior here." "Where the district court in imposing a sentence makes 'an individualized assessment based on the facts presented,' addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." *United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009), *quoting Gall*, 552 U.S. at 50.

Finally, the sentence does not create unwarranted disparity. The district court addressed and distinguished the cases Williams cites. It stated that it considered a number of 30-year sentences for sexual crimes against children and determined each case had factors that were "lesser or different than the factors in this case." The court continued, "I've analyzed it, looked at other cases I have sentenced in, looked across the nation; the guideline range is what anyone could expect to receive in the United States District Court for crimes that you have committed against these children."

\* \* \* \* \* \* \*

The judgment is affirmed.

_____