# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2936

_____

United States of America

*Plaintiff - Appellee*

v.

Kasey Lea Racette

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: April 16, 2020
Filed: May 29, 2020
[Unpublished]

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

After pleading guilty to conspiracy to engage in interstate transportation of stolen goods and access device fraud, in violation of 18 U.S.C. §§ 371, 2314, 1029(a)(2), and 1029(b)(2), Kasey Racette was sentenced to 33 months imprisonment. On direct appeal, she challenges her sentence as substantively

unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court.[1]

At sentencing, the district court calculated Racette's advisory Guidelines range as 33 to 41 months imprisonment, based on a total offense level of 19 and a criminal history category of II. Thus, her 33-month sentence was at the low end of the Guidelines range. Racette asserts that her within-Guidelines range sentence is substantively unreasonable because the district court failed to give sufficient weight to the following facts in the record: (1) that a co-defendant, who had a similar role in the offense, received a sentence of time served; (2) that Racette was essentially a first-time offender and that she voluntarily withdrew from the conspiracy before the investigation commenced; and (3) that a prison sentence would be harmful to Racette's minor daughter.

We review the substantive reasonableness of the defendant's sentence for an abuse of discretion. United States v. Smith, 795 F.3d 868, 872 (8th Cir. 2015) (per curiam). "A sentence is substantively unreasonable if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (internal quotation marks omitted). A sentence within the Guidelines range may be presumed reasonable on appeal. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Racette has not convincingly demonstrated why the district court abused its discretion in imposing a sentence at the low end of the Guidelines range. First, although the district court did not mention all of them by name, it clearly weighed the

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

relevant 18 U.S.C. § 3553(a) factors.  It explicitly noted the nature and circumstances of the offense, and it expressed concern that Racette was not serious about returning to a law-abiding life, that she was not concerned with the consequences of her actions, and that she was likely to re-offend in light of her criminal history and inability to comply with the terms of her pretrial release.  This was a sufficient justification for imposing the sentence.  See United States v. Powills, 537 F.3d 947, 950 (8th Cir. 2008) (noting that "[a] district court is not required to recite each of the sentencing factors under 18 U.S.C. § 3553(a), as long as the record makes clear that they were considered").

Additionally, we find unpersuasive Racette's arguments concerning the mitigating factors in the record.  First, the district court found that Racette's role in the offense was less extensive than that of co-defendant Richard Frazier, who was sentenced to the statutory maximum of 60 months imprisonment, but more extensive than that of co-defendant Orlando Frazier, who was sentenced to time served.  This finding is not clearly erroneous in light of the record.  See United States v. Allmon, 500 F.3d 800, 804 (8th Cir. 2007) (standard of review).  Accordingly, Racette's argument that the district court's sentence resulted in an unwarranted sentencing disparity between her sentence and that of her co-defendant, Orlando Frazier, is without merit.

Second, Racette's argument that she was essentially a "first-time" offender is incorrect as a factual matter—the presentence investigation report noted that Racette had a criminal history category of II, as she had prior drug and motor vehicle convictions. Moreover, the district court expressly accounted for her criminal history in its explanation for the sentence.  The district court also recognized Racette's voluntary withdrawal from the conspiracy as a mitigating factor, but found that it was not entitled to significant weight because Racette continued to engage in criminal conduct and did not try to stop others from engaging in the scheme.  Although Racette may have preferred that the district court give her withdrawal from the

conspiracy more weight, it did not abuse its discretion by declining to do so. See United States v. Townsend, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam).

Finally, the district court's failure to explicitly mention the hardship to Racette's daughter as a mitigating factor was not an abuse of discretion. The district court was well aware of this claim, as it came up during the hearing, but it declined to vary downward on this basis. See United States v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008) ("[A] district court that is aware of an argument does not abuse its discretion by not considering it."); see also United States v. Lewis, 593 F.3d 765, 773 (8th Cir. 2010) ("The district court considered [defendant's] arguments for a downward variance but appropriately exercised its discretion in rejecting them."). Moreover, declining to give significant weight to this fact is appropriate in light of the Guidelines' policy of discouraging downward departures and variances on the basis of family ties and responsibilities. See USSG § 5H1.6.

For these reasons, we affirm Racette's sentence.

_____