# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2119

_____

United States of America

*Plaintiff - Appellee*

v.

Ari Jordan Sorto

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: December 2, 2020
Filed: December 7, 2020
[Unpublished]

_____

Before LOKEN, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Ari Jordan Sorto appeals after he pleaded guilty to two counts of using a communication facility in the commission of a felony drug offense, in violation of 21

U.S.C. §§ 841(a)(1), 843(b), 846, and the district court[1] sentenced him to forty-eight months in prison on each count, with the sentences to run consecutively. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the imposition of consecutive prison terms.

Because Sorto failed to object at sentencing to the imposition of consecutive prison terms, we review for plain error. See United States v. Williams, 934 F.3d 804, 807 (8th Cir. 2019) (per curiam) (standard of review). After careful review of the record, we conclude that the district court did not err, much less plainly err, in ordering the sentences to run consecutively. The district court had the authority to impose consecutive sentences after considering the 18 U.S.C. § 3553(a) factors, and its statement that it considered all of the factors, and thorough discussion of some of them, was more than adequate to demonstrate it sufficiently considered the factors when imposing consecutive sentences. See 18 U.S.C. § 3584(a)-(b); United States v. Poe, 764 F.3d 914, 916-17 (8th Cir. 2014). Furthermore, we are unpersuaded by counsel's argument that Sorto's sentence created an unwarranted disparity when compared to a co-defendant. See 18 U.S.C. § 3553(a)(6). Sorto was not similarly situated to this co-defendant, for she negotiated an entirely different conviction, and Sorto's criminal history was admittedly different. "[D]isparate sentences among dissimilar defendants are not unwarranted." United States v. Fry, 792 F.3d 884, 893 (8th Cir. 2015); see United States v. Gaye, 902 F.3d 780, 791-92 (8th Cir. 2018). Finally, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no nonfrivolous issues for appeal.

Accordingly, we affirm the judgment. See 8th Cir. R. 47B.

_____

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.