# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1808
_____

United States of America

*Plaintiff - Appellee*

v.

Dominic Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 13, 2023
Filed: May 4, 2023
[Unpublished]

_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Dominic Davis signed a plea agreement for a 90-month sentence. The plea did not specify whether the sentence would run consecutively or concurrently to Davis's undischarged state sentence. The district court[1] imposed the 90-month

---

[1]The Honorable Stephen R. Clark, then United States District Judge for the Eastern District of Missouri, now Chief Judge.

sentence consecutively, so Davis challenges the substantive reasonableness of his sentence. We affirm.

Davis was charged with possession with intent to distribute fentanyl, 21 U.S.C. § 841(a)(1), distribution of fentanyl, id., and being a felon in possession of a firearm, 18 U.S.C. § 922(g). In exchange for his plea, the Government dismissed the firearms charge. If Davis had been convicted of the firearms charge, he would have faced a Guidelines range of 188 to 235 months.[2] Without the firearms charge, his Guidelines range was 24 to 30 months. The parties jointly recommended a 90-month sentence.

At the sentencing hearing, the Government did not object to the sentence running concurrently with Davis's undischarged state sentence. But the district court imposed the 90-month sentence consecutively to his state sentence, meaning that Davis expects to serve a total of 132 months. Davis argues that his federal sentence is substantively unreasonable. We review for an abuse of discretion. United States v. Williams, 934 F.3d 804, 808 (8th Cir. 2019) (per curiam).

The district court has broad discretion to order a consecutive sentence based on the § 3553(a) factors. See United States v. McDonald, 521 F.3d 975, 980 (8th Cir. 2008). Here, the district court considered the § 3553(a) factors and explained that it imposed Davis's sentences consecutively as an "incremental punishment for the prior crime as well as for punishment for the counts of conviction in this case." Sentencing Tr. 30. Still, Davis argues that the district court considered an impermissible factor—the leniency he had received in prior cases. See United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (noting that a district court abuses its discretion when it gives significant weight to an irrelevant or improper factor). But we have previously found that this is a permissible consideration. See, e.g., United States v. Sherrod, 966 F.3d 748, 755 (8th Cir. 2020); United States v.

_____

[2]If Davis had been convicted of the firearms charge, he would have been susceptible to a sentencing enhancement under the Armed Career Criminal Act. See 18 U.S.C. § 924(e).

-2-

Pippen, 777 F. App'x 842, 844 (8th Cir. 2019) (per curiam) (noting that a reasoned basis for a heightened sentence included failed rehabilitation after previous lenient sentences). Davis also claims that the imposed sentence creates unwarranted sentencing disparities, but "[w]e have repeatedly declined to require district judges to compare and contrast the defendant being sentenced with allegedly similar prior offenders." United States v. Keys, 918 F.3d 982, 989 (8th Cir. 2019). And even so, the district court expressly considered the need to avoid unwarranted sentencing disparities when imposing Davis's sentence.

The district court did not abuse its discretion by imposing Davis's sentence consecutively, and so we affirm.

_____