# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2320

_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 10, 2023
Filed: July 13, 2023
[Unpublished]

_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Joshua Brown pled guilty to two counts of production of child pornography pursuant to a written plea agreement. The district court calculated the United States Sentencing Guidelines (USSG) base offense level for each count as 32. Several enhancements applied, including enhancements because the videos depicted a minor and involved sexual activity with a minor. The district court concluded that the

combined offense level on both counts was 43 and calculated Brown's criminal history as category I, resulting in an advisory Guidelines sentence of life imprisonment followed by a term of supervised release of five years to life. However, the statutory maximum term of imprisonment for each count was 360 months, resulting in an advisory Guidelines sentence of 720 months in total. After discussing the 18 U.S.C. § 3553(a) factors and hearing argument of counsel and allocution from Brown, the court sentenced Brown to a term of imprisonment of 360 months on each count but with 240 months of the sentence on Count Two to run consecutively with the rest running concurrently, for a total effective term of 600 months' imprisonment to be followed by 25 years of supervised release. The district court also imposed several special conditions of supervised release, including participation in a sex-offense-specific treatment program (Special Condition 6) and submission to periodic polygraph testing (Special Condition 7). Brown objected to Special Condition 7, which the district court overruled. Brown appeals Special Condition 7 and the substantive reasonableness of his sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm in part and remand.

In this appeal, Brown alleges that the terms of Special Condition 7 as announced by the district court in open court conflicts with the terms of Special Condition 7 as set forth in the written judgment. At sentencing, the district court stated:

> Number seven, the defendant shall be required to submit to periodic polygraph testing at the discretion of the United States Probation Office *as a means of participating in treatment programming*.

R. Doc. 60, at 64 (emphasis added). The written judgment states:

> 7. The defendant shall be required to submit to periodic polygraph testing at the discretion of the probation office *as a means to ensure that he is in compliance with the requirements of his supervision or treatment program*.

R. Doc. 50, at 5 (emphasis added).  Brown asks us to strike the terms in the judgment that are broader than the district court's oral pronouncement.  The United States argues that there is no conflict.

"'The oral pronouncement by the sentencing court is the judgment of the court,' and, '[t]o the extent there is any conflict between the district court's oral announcement of the special condition at sentencing and its written judgment, the oral sentence controls.'"  United States v. Mays, 993 F.3d 607, 622 (8th Cir. 2021) (alteration in original) (citations omitted).  Nevertheless, "if a district court's written judgment is 'consistent' with its discernible intent in the oral pronouncement and simply 'clarified' an 'imprecisely' pronounced special condition, there is no conflict and we may treat the written judgment as operative."  Id. (citation omitted).

We conclude that the terms of Special Condition 7 as set forth in the written judgment conflict with the terms as orally announced by the district court at sentencing.  At sentencing, the district court announced the condition of periodic polygraph testing only "as a means of participating in treatment programming."  Accordingly, it appears that the "discernible intent" of the district court at sentencing was that Special Condition 7 was narrowly tailored to Brown's treatment program.  Id.  The written judgment, however, is broader, stating that a purpose of the requirement of periodic polygraph testing is to "ensure that [Brown] compli[es] with the requirements of his supervision," and is not limited to ensuring that Brown complies with his treatment program.  "When such conflicts exist, the portion of the written judgment 'that is broader than the oral version is void.'"  Id. (citation omitted).  In such a circumstance, the judgment must be remanded to the district court with instructions to "harmonize the written condition with the oral sentence."  United States v. James, 792 F.3d 962, 972 (8th Cir. 2015).  Such a remand is appropriate in this case.

Next, Brown argues that his sentence is substantively unreasonable.  We review the substantive reasonableness of a sentence for an abuse of discretion.  United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  "A district

court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. McDaniels, 19 F.4th 1065, 1067 (8th Cir. 2021) (citation omitted).  In this case, the district court specifically stated that it was considering the 18 U.S.C. § 3553(a) factors and sentenced Brown to a total of 600 months' imprisonment, below the Guidelines sentence of 720 months.  Accordingly, the sentence is afforded a presumption of reasonableness and it is "nearly inconceivable" that it constitutes an abuse of discretion.  United States v. Bevins, 848 F.3d 835, 841 (8th Cir. 2017).  Brown asserts that the district court did not give adequate weight to certain mitigating factors including his pending state charges, that he did not distribute the images he produced, and his lack of a criminal record.  However, all of these facts were set forth in the Presentence Report and were argued by Brown's attorney at sentencing.  Thus, we presume that the district court considered these factors.  United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009).  Further, the district court "need not specifically respond to every argument made by the defendant."  United States v. Ballard, 872 F.3d 883, 885 (8th Cir. 2017) (citation omitted).

Brown also asserts that the sentence is greater than necessary and creates a disparity, pointing to a similar case in which the defendant received the same sentence under, allegedly, more aggravating circumstances.  However, the district court "addressed and distinguished" that case at sentencing, United States v. Williams, 934 F.3d 804, 809 (8th Cir. 2019), while also recognizing the difficulties of crafting a proportionate sentence.

"Where the district court in imposing a sentence makes 'an individualized assessment based on the facts presented,' addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable."  Id. (citation omitted).  We find no abuse of discretion in the sentence imposed in this case.

-4-

Therefore, we remand Special Condition 7 to the district court with instructions to harmonize the written condition with the oral pronouncement of the condition.  The judgment of the district court is otherwise affirmed.

_____