# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-2911

_____

United States of America

*Plaintiff - Appellee*

v.

Dre Red Feather

*Defendant - Appellant*

_____

No. 23-2914

_____

United States of America

*Plaintiff - Appellee*

v.

Dre Red Feather

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of South Dakota - Western

_____

Submitted: January 31, 2024
Filed: February 7, 2024
[Unpublished]

_____

Before BENTON, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

After pleading guilty in two consolidated cases, Dre Red Feather received a 96-month prison sentence for assault with a dangerous weapon, 18 U.S.C. §§ 113(a)(3), 1153(a), and a consecutive 77-month prison sentence for assault on a federal officer, *id.* § 111(a). In his plea agreements, he waived the right to appeal all non-jurisdictional issues, except for, as relevant here, the substantive reasonableness of any upward variance. An *Anders* brief suggests that the district court[1] procedurally and substantively erred when it ordered him to serve the sentences consecutively. *See Anders v. California*, 386 U.S. 738 (1967).

The appeal waiver, which is enforceable, covers the procedural challenge. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within its scope, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice). We assume the consecutive sentences are substantively reviewable as an upward variance, *see generally* U.S.S.G. § 5G1.2, but nevertheless conclude that the total length is reasonable. In setting it, the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. §§ 3553(a), 3584(a)–(b), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Poe*, 764 F.3d 914, 916 (8th Cir. 2014) (discussing the standard of review); *United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011) (explaining that a simple disagreement with how the district court weighed the relevant factors does not justify reversal).

_____

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota, now retired.

-2-

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm in part, dismiss the procedural challenge, grant counsel permission to withdraw, and deny the motion to appoint new counsel as moot.

_____