**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4316**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES RANDLE SHIRES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry Coke Morgan, Jr., Senior District Judge. (CR-98-10)

Submitted: August 14, 2006     Decided: September 12, 2006

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Walter B. Dalton, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Darryl James Mitchell, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Randle Shires appeals the district court's order revoking supervised release, imposing a one-month sentence of imprisonment, and imposing special conditions of supervised release. Shires's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious grounds for appeal. Although notified of his right to do so, Shires has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

In the Anders brief, counsel questions whether the district court erred in prohibiting Shires from driving as a special condition of supervised release. Specifically, counsel raises the issue of whether the imposition of this special condition involves a greater deprivation of personal liberty than is reasonably necessary to achieve the valid objectives of supervised release.

In reviewing the imposition of a special condition of supervised release, we must determine whether the condition is plainly unreasonable with regard to certain factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Crudup, __ F.3d __, __, 2006 WL 2243586, *3 (4th Cir. 2006). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1);

the need for the condition to deter criminal conduct, § 3553(a)(2)(B); the need to protect the public from any further criminal behavior by the defendant, § 3553(a)(2)(C); and the need to provide the defendant with training or medical care, § 3553(a)(2)(D). See 18 U.S.C.A. § 3583(d)(1) (West 2000 & Supp. 2006). Additionally, special conditions must be consistent with the Sentencing Commission's policy statements and may not involve a greater deprivation of liberty than is necessary to achieve the specified goals. § 3583(d)(2), (d)(3). Based on our review of the record, including Shires's history of alcohol and substance abuse, we find that the district court's decision to ban Shires from driving a motor vehicle as a special condition of supervised release was not plainly unreasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's order. See United States v. Shires, No. CR-98-10 (E.D. Va. Mar. 17, 2005). This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED