# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1836

_____

United States of America

*Plaintiff - Appellee*

v.

Milton William Ringgenberg

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: November 12, 2012
Filed: December 3, 2012
[Unpublished]

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After Milton William Ringgenberg was sentenced to 70 months imprisonment and three years supervised release for drug trafficking, he wrote several threatening

letters to the sentencing judge[1] while he was incarcerated.  The probation office later requested four modifications to the terms of Ringgenberg's supervised release.  A different judge[2] held a hearing on the proposed modifications and overruled Ringgenberg's objections to two of them.  Ringgenberg appeals.

Prior to Ringgenberg's release from prison in March 2012, a probation officer petitioned the district court to impose four special conditions of supervised release: (1) a prohibition on contacting the sentencing judge and other named parties, (2) mental health evaluation and treatment as needed, (3) prohibition on traveling within 45 miles of Sioux City or Fort Dodge, Iowa without prior approval, and (4) GPS monitoring.  Ringgenberg contested the travel and GPS monitoring conditions.

At a hearing on the special conditions the probation office argued that the measures were necessary because Ringgenberg had sent several increasingly threatening letters, the most recent a few weeks before the hearing.  The letters contained threats against his sentencing judge, a federal prosecutor, the county attorney, police officials, and a second judge.  Ringgenberg's probation officer testified that he believed the special conditions would help protect the officials named in the letters.  A deputy United States marshal who had conducted a risk assessment indicated that he considered Ringgenberg to present a serious threat.  Ringgenberg himself testified that he knew his writings had been "inappropriate," but he maintained that they had been "effective" in getting the court to grant a hearing on his habeas petition.  The district court then imposed both of the contested conditions on Ringgenberg's release: prohibition on traveling within 45 miles of Sioux City or Fort Dodge without the prior approval of the probation office and GPS monitoring.

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

[2]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation in the Northern District of Iowa.

We review special conditions of supervised release for abuse of discretion. United States v. Morais, 670 F.3d 889, 895 (8th Cir. 2012). Conditions must be reasonably related to the sentencing factors contained in 18 U.S.C. § 3553(a), "involve[] no greater deprivation of liberty than is reasonably necessary" for the purposes identified in § 3553(a), and be consistent with the policy statements of the sentencing commission. 18 U.S.C. § 3583(d). One of the relevant sentencing purposes is to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). Ringgenberg argues that the travel restrictions and GPS monitoring were not reasonably necessary because he had already agreed not to contact Judge Bennett or the other named individuals.

We conclude that the district court did not abuse its discretion in imposing the travel and GPS monitoring conditions. Since Ringgenberg had previously disobeyed orders to stop writing letters, the court could reasonably question whether Ringgenberg would adhere to his promise not to make inappropriate contacts in the future. The travel restriction and GPS monitoring would give the police and court security advance notice in the event that Ringgenberg attempted to make face to face contact with one of the parties he had threatened. The district court did not abuse its discretion in determining that the conditions were reasonably necessary for protecting the public.

Accordingly, we affirm the district court's order imposing the two special conditions of supervision.

_____