# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3506

_____

United States of America

*Plaintiff - Appellee*

v.

Jabari H. Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 14, 2015
Filed: February 4, 2016
[Published]

_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

On July 7, 2014, Jabari Johnson pled guilty to one count of being a felon in possession of a firearm. At sentencing, Johnson did not object to the calculation of his Guidelines sentencing range, but requested a downward variance on the basis that his criminal history category overstated the severity of his criminal record. The

district court[1] denied Johnson's request for a variance, and imposed a within-Guidelines sentence of 27 months' imprisonment. Johnson now appeals,[2] asserting that the district court imposed a substantively unreasonable sentence. We affirm.

We review the substantive reasonableness of sentences imposed by the district court for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Cook, 698 F.3d 667, 670 (8th Cir. 2012) (quoting United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007)). Johnson's criminal history category was category V. With a total offense level of 12, the Guidelines sentencing range for his offense was 27–33 months' imprisonment. Johnson does not argue that his criminal history category was calculated incorrectly. Instead, he asserts that by assigning points to two closely related convictions, his criminal history category was, as a practical matter, overstated. Specifically, Johnson received two points for a prior conviction for possession of heroin, and received an additional two points for his failure to appear at a hearing on that possession charge. While recognizing that these two convictions are technically separate offenses, he asserts they "stem from essentially the same course of conduct," and that counting them separately for purposes of his criminal

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

[2]The government argues that Johnson's appeal is barred by the appeal waiver in his plea agreement. In the plea agreement, Johnson waived the right to appeal "all sentencing issues other than Criminal History." Because we conclude that Johnson's sentence was not substantively unreasonable, we need not decide whether denial of a request for a downward variance based on overstatement of criminal history is a sentencing issue pertaining to "Criminal History" for purposes of Johnson's appeal waiver.

history score overstates the severity of his criminal record. He also points out that his most serious prior conviction occurred when he was only 17 years old, and that he "appear[s] to have turned a corner," making the possibility of recidivism less of a concern. Johnson notes that had he not been assessed the two points for failure to appear, his criminal history category would have been IV, and the corresponding Guidelines sentencing range would have been 21–27 months' imprisonment.

The district court did not abuse its discretion in denying Johnson's request for a downward variance. The court considered Johnson's request, noting that "there is certainly some appeal to [it]," but ultimately cited Johnson's multiple felony convictions and an outstanding warrant for failure to appear on a probation violation as the basis for its decision to deny the request and impose a within-Guidelines sentence. This considered response to Johnson's request is not a "clear error of judgment" that would justify reversal for abuse of discretion. Cf. United States v. Jimenez-Gutierrez, 491 F.3d 923, 926, 928 (8th Cir. 2007) (holding that the district court did not abuse its discretion in varying downward based on the Guidelines' "overly mechanical treatment" of the defendant's criminal history).

The sentence imposed by the district court, on the low end of the properly-calculated Guidelines range, was not substantively unreasonable. Accordingly, we affirm.

_____