# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4088

_____

United States of America

*Plaintiff - Appellee*

v.

Ted Howard Fulk, also known as Seth Allen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 18, 2017
Filed: January 11, 2018

_____

Before SMITH, Chief Judge, MELLOY and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

Defendant Ted Howard Fulk pleaded guilty to one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250, his fourth conviction related to registry requirements. The district court[1] sentenced him to thirty-seven months'

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

imprisonment and ten years' supervised release. His supervised release includes a special condition requiring court approval before traveling outside of the state of Iowa. Fulk appeals the length of supervised release and the special travel condition. We affirm.

In July 2015, the police stopped Fulk while he was driving in Des Moines, Iowa. Fulk identified himself as an Australian named Seth Matthew Allen. Fulk did not have a valid driver's license and was arrested. Fingerprinting revealed Fulk's true identity, including that he was a sex offender. On release, Fulk registered with the Iowa Sex Offender Registry, but he did so under the name Seth Matthew Allen.

Shortly thereafter, police initiated a second traffic stop and arrested Fulk for failing to comply with the sex offender registry. Law enforcement had discovered that Fulk had been living in Mount Pleasant, Iowa, as an unregistered sex offender since at least September 2014.

During Fulk's sentencing hearing, the district court thoroughly reviewed his biographical and criminal history. The district court noted Fulk had previously used several known aliases. While his residential and employment history are largely unknown, the district court pointed out that Fulk had lived in Georgia, Iowa, Oklahoma, Ohio, and Tennessee. The court also took notice of Fulk's desire to move to the United Kingdom with his girlfriend, a British citizen.

At the time of the sentencing hearing Fulk was incarcerated at the Muscatine County Jail. The district court noted that during his time at the jail, Fulk acquired more than fifteen disciplinary charges. The district court also found that Fulk made a false sexual assault claim against a correctional officer. Fulk contacted several governmental and non-governmental agencies, at times making false claims about the jail. The court noted that Fulk wrote a letter to his girlfriend, while his mail was monitored, that contained troubling threats against jail employees. Accordingly, the

district court expressed a need to have "some consistent longevity in who is keeping an eye on him."

## I. Ten-Year Term of Supervised Release

Fulk contends that the ten-year term of supervised release is unreasonable. We review the reasonableness of his sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Additionally, where a district court imposes a sentence within the advisory guideline range there is a rebuttable presumption that the sentence is substantively reasonable. United States v. Ruelas-Mendez, 556 F.3d 655, 657 (8th Cir. 2009). Fulk's ten-year term of supervised release is well within the advisory guideline range of five years to life and should be presumed to be substantively reasonable.

Furthermore, the sentencing court has "substantial discretion in determining how to weigh" the statutory sentencing factors. United States v. Morais, 670 F.3d 889, 893 (8th Cir. 2012). "A district court is not required to recite each of the sentencing factors under 18 U.S.C. § 3553(a), as long as the record makes clear that they were considered." United States v. Powills, 537 F.3d 947, 950 (8th Cir. 2008). Here, the district court thoroughly discussed, on the record, the elements of Fulk's biographical and criminal history. The district court also discussed the specific factors that supported Fulk's term of supervised release.

Finally, Fulk argues that at sentencing both parties recommended a five-year term of supervised release and not the district court's sentence of ten years' supervised release. However, "[s]entencing recommendations are just that— recommendations—which do not bind the district court." United States v. White, 367 F.3d 968, 970 (8th Cir. 2004). Instead, as discussed above, the sentencing court has substantial discretion in weighing the sentencing factors and need not articulate independent reasons for deviating from a joint recommendation. As the term of supervised release is within the sentencing guidelines, and the district court more than sufficiently considered the § 3553(a) factors, we find the ten-year term of supervised release to be reasonable.

## II. Special Travel Condition

Fulk appeals the special travel condition included with the terms of his supervised release. The special travel condition provides "[t]he defendant is not permitted to travel outside the state of Iowa during his term of supervision without further order of the Court." Generally, "[w]e review the district court's imposition of special conditions for abuse of discretion." Morais, 670 F.3d at 895. Under 18 U.S.C. § 3583(d), a district court has broad discretion to impose special conditions, as long as the conditions satisfy all three statutory requirements. 670 F.3d at 895. At issue are the first two requirements, specifically, whether the special travel condition (1) is "reasonably related to the sentencing factors set forth in§ 3553(a)," and (2) "involve[s] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)." Id. To determine whether a special condition satisfies these requirements, the court must make an "individualized inquiry" into the facts and circumstances to avoid categorical sentencing and must make sufficient findings on the record to be statutorily compliant. Id.

First, the special travel condition is sufficiently related to the statute's sentencing factors to satisfy the reasonable-relation requirement. Special conditions are reasonably related to the statutory sentencing factors if they are "tailored to 'the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medicinal or other correctional needs.'" United States v. Bender, 566 F.3d 748, 751 (8th Cir. 2009) (quoting United States v. Crume, 422 F.3d 728, 733 (8th Cir. 2005)). Here, the district court imposed the special travel condition based on the nature and circumstances surrounding the July 2015 traffic stops and Fulk's fourth conviction for failing to register as a sex offender. The district court tailored the special travel condition to Fulk's residential history, his recent actions in the Muscatine County Jail, and the potential risks posed by his future travel plans. The district court made

detailed findings, on the record, and did so in a manner that was specific to Fulk as an individual, rather than Fulk as a member of a class of individuals.

Under the second factor, a condition of supervised release is statutorily permissible as long as the condition does not involve a greater deprivation of liberty than is reasonably necessary to deter criminal conduct, to protect the public, and to provide the defendant with necessary care, treatment, and training. See 18 U.S.C. §§ 3583(d)(2) & 3553(a)(2)(B)-(D). See also Morais, 670 F.3d at 896. In United States v. Ringgenberg, we concluded that the district court did not abuse its discretion in imposing a special travel condition prohibiting travel within forty-five miles of Sioux City or Fort Dodge, Iowa, without prior approval of the probation office. 494 F. App'x 685, 686 (8th Cir. 2012) (per curiam). We held that the district court did not abuse its discretion in finding that the special travel condition was reasonably necessary to protect the public, satisfying the second factor of 18 U.S.C. § 3553(a). Id.

Similarly here, we find that the district court did not abuse its discretion in including the special travel condition in Fulk's supervised release. A review of the record shows that the district court identified public safety concerns, including Fulk's history of evading registry requirements, using false names, and lying to law enforcement officers. The court also noted concern about Fulk's behavior at the Muscatine County Jail, including the letters that contained a threat against jail employees and false claims about the jail. Fulk also made a false sexual assault accusation against a correctional officer. Based on these facts, the district court could reasonably question whether Fulk would adhere to his registration requirements without the special travel condition.

Fulk contends that the special travel condition involves a greater deprivation of liberty than is reasonably necessary because the special travel condition is redundant. Unchallenged, standard conditions of his supervised release include

requirements that he provide notice to the probation office at least ten days before a change in residence or employment and that he cannot leave the Southern District of Iowa without the permission of the court or probation office. While there is potential geographical overlap between these standard conditions and the special travel condition, the district court expressed a specific need to have "some consistent longevity in who is keeping an eye on him."

Further, Fulk argues the special travel condition is overly broad. "A special condition of supervised release is only unconstitutionally overbroad if its overbreadth is real and substantial in relationship to its plainly legitimate sweep." United States v. West, 829 F.3d 1013, 1020 (8th Cir. 2016) (quoting United States v. Thompson, 653 F.3d 688, 695 (8th Cir. 2011)). Fulk cites cases that discuss, at some length, the elements of overly broad special conditions. Based on the facts at hand and the district court's reasoning, as described above, we do not find those cases to be inconsistent with the special travel condition in this case. See generally United States v. Deatherage, 682 F.3d 755, 764 (8th Cir. 2012).

Finally, we expect the district court will not arbitrarily refuse approval of Fulk's request to travel outside of the state of Iowa when appropriate safeguards are available. As discussed above, the record indicates that the district court balanced the need to encourage adherence to the registry requirements with a potential deprivation of liberty. Therefore, we find no abuse of discretion by the district court in imposing the special travel condition.

Accordingly, we affirm the judgment of the district court.

_____