# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1832

_____

United States of America

*Plaintiff - Appellee*

v.

Jamie Todd Bjerke

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 13, 2018
Filed: August 7, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

Jamie Bjerke pleaded guilty to being a felon in possession of a firearm after police found a loaded handgun in his bedroom. At sentencing, the district court[1]

_____

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

assigned Bjerke a base offense level of 20 because of his conviction for Minnesota simple robbery, a crime of violence. The court also imposed an enhancement for possessing a weapon in connection with another felony offense. Bjerke challenges these decisions. He also asserts that his within-Guidelines sentence is substantively unreasonable. We affirm.

I. *Background*

In July 2015, a police officer stopped Bjerke's vehicle in Rochester, Minnesota, and arrested him for an active state warrant. In a search incident to the stop, the officer found a rifle and ammunition, along with various items related to recent local burglaries in the vehicle. These items included stolen property, surveillance equipment, a screwdriver, and a sledge hammer. Bjerke was taken into custody but released in late November 2015.

After his release, Bjerke soon became a suspect in several burglaries and a motor vehicle theft in the Rochester area. In mid-December, officers spotted the stolen vehicle near Bjerke's girlfriend's residence. The officers made contact with the homeowner, who allowed them to enter. Inside the bedroom where Bjerke was staying, the officers found Bjerke's driver's license, a loaded handgun, a small amount of marijuana, and "two pry bars." Second Revised Presentence Investigation Report (PSR) at 3, 5, No. 0:16-cr-00073-MJD (D. Minn. Apr. 6, 2017), ECF No. 56.

Bjerke had a substantial prior criminal history. He had a conviction for second-degree burglary, a conviction for simple robbery, and five convictions for third-degree burglary, all under Minnesota law. At least one of Bjerke's prior burglary offenses involved the use of a pry bar. Following his indictment, Bierke pleaded guilty to possessing a handgun while being a felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Bjerke was ultimately sentenced to 120 months in prison, the top of his calculated Guidelines range.

Bjerke now challenges three sentencing decisions of the district court. First, he disputes the district court's determination that his simple robbery conviction in Minnesota was for a crime of violence. Second, he challenges the court's imposition of a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm or ammunition in connection with another felony offense. Finally, he argues his sentence is substantively unreasonable and an abuse of the district court's discretion. While this appeal was pending, Bjerke moved this court to stay his case. We deny the motion to stay and affirm.

## II. *Discussion*
### 1. *Minnesota Simple Robbery as a Crime of Violence*

Bjerke first argues that his prior Minnesota simple robbery felony is not a conviction for a crime of violence. The district court held that the conviction is a crime of violence under the Guidelines, both under the force clause and as an enumerated offense. We review de novo the determination that a prior conviction is for a crime of violence under the Guidelines. *United States v. Maid*, 772 F.3d 1118, 1120 (8th Cir. 2014) (citing *United States v. Craig*, 630 F.3d 717, 723 (8th Cir. 2011)).

Guideline § 2K2.1(a)(4)(A) directs a sentencing court to apply a base level of 20 "if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . [a crime of violence]." A crime of violence is

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) *has as an element the use, attempted use, or threatened use of physical force against the person of another*, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, *robbery*, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material . . . .

U.S.S.G. § 4B1.2(a) (emphases added). In determining whether an offense is a crime of violence, we use the "categorical approach, looking to the elements of the offense as defined in the . . . statute of conviction rather than to the facts underlying the . . . conviction." *United States v. Parrow*, 844 F.3d 801, 802 (8th Cir. 2016) (per curiam) (ellipses in original) (quoting *United States v. Dawn*, 685 F.3d 790, 794 (8th Cir. 2012)).

Bjerke's conviction qualifies as a violent felony under the force clause. *See* U.S.S.G. § 4B1.2(a)(1). Convictions that qualify necessarily involve "violent force—that is, force capable of causing physical pain or injury to another person." *Id.* (citing *Johnson v. United States*, 559 U.S. 133, 140 (2010) (interpreting identical definition of "violent felony" under the Armed Career Criminal Act (ACCA)))[2]. The statute under which Bjerke was convicted provides:

> Whoever, having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery and may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $20,000, or both.

Minn. Stat. Ann. § 609.24. We have held that a conviction under this statute is a violent felony. *See United States v. Johnson*, 526 F. App'x 708, 711 (8th Cir. 2013) (per curiam), *rev'd on other grounds*, 135 S. Ct. 2551 (2015). However, Bjerke contends that subsequent decisions have undercut this conclusion. We very recently addressed Bjerke's contentions, found them unavailing, and reaffirmed that a

---

[2] We construe "violent felonies" under the ACCA and "crimes of violence" under the Guidelines interchangeably. *See United States v. Boose*, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014) (citation omitted).

Minnesota simple robbery conviction categorically qualifies as a violent felony under the ACCA's force clause. *See United States v. Libby*, 880 F.3d 1011, 1015–16 (8th Cir. 2018) (interpreting the statutory language, the relevant pattern jury instructions, and state case law; and contrasting intervening Eighth Circuit precedent to conclude Minnesota simple robbery is a violent felony). We are bound by the *Libby* decision. *See Elmore v. Harbor Freight Tools USA, Inc.*, 844 F.3d 764, 767 (8th Cir. 2016). For this reason, and because we treat violent felonies and crimes of violence the same, *Boose*, 739 F.3d at 1187 n.1, we affirm the determination that Bjerke's simple robbery conviction is a crime of violence under the Guidelines force clause. We therefore need not address whether it also qualifies as an enumerated offense. *See, e.g.*, *United States v. Harper*, 869 F.3d 624, 627 (8th Cir. 2017).

Bjerke asks us to stay this case, or, in the alternative, to stay the mandate, because of the Supreme Court's recent grant of a certiorari petition. *See Stokeling v. United States*, 17-5554, 138 S. Ct. 1438 (2018). The question presented to the Court in *Stokeling* is the following:

> Is a state robbery offense that includes "as an element" the common law requirement of overcoming "victim resistance" categorically a "violent felony" under [the ACCA force clause], if the offense has been specifically interpreted by state appellate courts to require only slight force to overcome resistance?

Petition for Writ of Certiorari at ii, *Stokeling v. United States*, No. 17-5554, 2017 WL 8686116 (U.S. Aug. 4, 2017).

Bjerke contends that *Stokeling*, although interpreting a Florida robbery statute, will undermine *Libby* and will "settle or simplify the issues" in this case. Appellant's Mot. to Stay at 12. We express no opinion on whether the Supreme Court's future *Stokeling* decision may impact *Libby*'s holding, or to what extent. We also decline to stay this case in our court, or stay the mandate, based on the potential impact of a

future case interpreting a different state's robbery statute and its courts' "slight force" requirement. We therefore deny Bjerke's motion to stay.

### 3. *Four-Level Enhancement Under U.S.S.G. § 2K2.1(b)(6)(B)*

Bjerke next argues that the district court erred in imposing an enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a weapon in connection with a felony offense.

A four-level enhancement is warranted when the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). A firearm or ammunition is possessed *in connection with* another felony offense "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1(b)(6)(B) cmt. n. 14(A). "All that is required is that 'the district court must find by a preponderance of the evidence that another felony offense was committed, and that use or possession of the firearm "facilitated" that other felony.'" *United States v. Boots*, 816 F.3d 971, 975 n.3 (8th Cir. 2016) (per curiam) (quoting *United States v. Littrell*, 557 F.3d 616, 617 (8th Cir. 2009)). "The district court's determination that the defendant possessed [a firearm] in connection with another felony is a factual finding that we review for clear error." *United States v. Smith*, 535 F.3d 883, 885 (8th Cir. 2008) (citation omitted).

Without objection, the district court adopted the factual allegations in Bjerke's PSR as factual findings, including his possession of a handgun, along with two pry bars, found in his bedroom. The PSR also establishes that "at least one of [Bjerke's] commercial burglary offenses involved him gaining access to the business by prying the door open." PSR at 5.

We have previously observed that someone carrying a gun while possessing an illicit item can facilitate the commission of the possession offense because the gun's presence may "embolden" him. *See United States v. Regans*, 125 F.3d 685, 687 (8th

Cir. 1997) (affirming application of the enhancement because possessing a firearm in public along with even a personal-use quantity of drugs could "dangerously embolden the offender"). It is true that Bjerke possessed the gun and the burglary tools in the privacy of his home, where the *Regans* analysis is not always applicable. *See Smith*, 535 F.3d at 886 (reversing application of the enhancement because the facts were insufficient to support the "in connection with" finding where public possession not present). However, Bjerke has a history of burglaries, and in particular burglaries involving traditional burglary tools. Indeed, in a prior burglary he had used a pry bar to pry a door open. Bjerke himself also testified that he sometimes carries guns with him because doing so "ma[kes] [him] feel more powerful." *See* Sentencing Transcript at 20, *United States v. Bjerke*, No. 0:16-cr-00073-MJD-FLN (D. Minn. Apr. 5, 2017), ECF No. 66.

On this record, it is reasonable to conclude that the possession of the firearm—even if found within his home—emboldened Bjerke to acquire and maintain possession of collocated burglary tools. *See* Statement of Reasons for Imposing Sentence at 11, No. 0:16-cr-00073-MJD-FLN (D. Minn. Apr. 5, 2017), ECF No. 59 (finding that the firearm "had the potential of emboldening the defendant to employ the burglary tools, to commit further acts of burglary and to safeguard stolen property"). The court thus did not clearly err in finding by a preponderance of the evidence that Bjerke "possessed [the] firearm in connection with possessing burglary tools" and in applying the Guidelines § 2K2.1(b)(6)(B) enhancement. PSR at 5.[3]

_____

[3]At sentencing the district court made reference to the rifle that Bjerke possessed in his vehicle in July, months before the crime at issue. In his reply brief, Bjerke highlights that the rifle found in his car is not the firearm cited in the offense of conviction. He is correct that for the district court to apply the enhancement based on the July rifle possession, it would have had to determine whether that possession was relevant conduct to the December possession of the pistol in Bjerke's bedroom. *See* U.S.S.G. § 2K2.1(b)(6)(B), cmt. n. 14(E)(ii); *id.* § 1B1.3(a)(2). Despite the court's statements about the rifle in July, we are satisfied that the court also made the requisite "in connection with" finding as to the pistol in Bjerke's bedroom in December and did

4. *Substantive Reasonableness of Sentence*

Lastly, Bjerke contends that the sentence he received was substantively unreasonable. We review the substantive reasonableness of a sentence for an abuse of the district court's discretion. *United States v. Johnson*, 812 F.3d 714, 715 (8th Cir. 2016) (per curiam) (citation omitted). An abuse of discretion occurs if the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* (quoting *United States v. Cook*, 698 F.3d 667, 670 (8th Cir. 2012)).

Although a district court must consider the 18 U.S.C. § 3553(a) factors in sentencing a defendant, the court need not recite each factor, "as long as the record makes clear that they were considered." *United States v. Fulk*, 879 F.3d 859, 861 (8th Cir. 2018) (quoting *United States v. Powills*, 537 F.3d 947, 950 (8th Cir. 2008)). A district court may demonstrate that it considered "the factors by referring to some of the statute's relevant considerations." *United States v. Grimes*, 702 F.3d 460, 471 (8th Cir. 2012) (citation omitted). Moreover, the district court may rely more heavily on some factors than others. *United States v. Long*, 870 F.3d 792, 799 (8th Cir. 2017) (citation omitted). A defendant "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." *Id.* (quoting *United States v. Townsend*, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam)). Sentences within the Guidelines range are presumptively reasonable. *See Fulk*, 879 F.3d at 861 (citation omitted).

The district court calculated Bjerke's offense level as 25 and his criminal history category as VI, which resulted in a Guidelines range of 110 to 120 months in prison. We presume the within-range 120-month sentence to be reasonable subject to

---

not err in doing so.

Bjerke's opportunity to rebut that presumption. *See id.* Both Bjerke and the government submitted sentencing memoranda, which the district court stated it had read along with the PSR. The sentencing record shows the district court heard oral argument regarding Bjerke's personal past, criminal history, family support, potential for rehabilitation, and remorse. The record further shows that the district court considered the § 3553(a) factors. Sentencing Transcript at 26 (acknowledging that the court "will, of course, apply the factors under Title 18, 3553(a) in this matter"). The court specifically discussed with Bjerke his history and characteristics, such as his multiple burglaries, his drug dependency, and his admitted enhanced confidence gained from possessing guns. Bjerke contends that the district court focused too much on his criminal history and overly discounted his potential for rehabilitation and his general background. Bjerke disagrees with the weight that the district court accorded various sentencing factors, but he has not shown that the court abused its discretion by taking into account irrelevant or improper considerations. *See Long*, 870 F.3d at 799.

## III. *Conclusion*

We affirm.

_____