# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3740

_____

United States of America

*Plaintiff - Appellee*

v.

Willie Gill Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: November 12, 2018
Filed: January 28, 2019
[Published]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Willie Gill Williams pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  At sentencing, the

district court[1] adopted the presentence investigation report, to which Williams did not object, and calculated an advisory Guidelines range of 30 to 37 months of imprisonment. Williams requested a downward variance, arguing that the only reason he had possessed the firearm was to remove it from a house where children could access it. He also asked for drug and mental health treatment. The district court noted that Williams had previously been convicted of unlawful possession of a firearm and therefore "knew [he was] not supposed to possess this gun[, e]ven though [he] may have had good intentions of possessing it." The court imposed a 34-month term of imprisonment and 3-year term of supervised release, and recommended drug and mental health treatment. Williams appeals, challenging the substantive reasonableness of the sentence.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Johnson, 812 F.3d 714, 715 (8th Cir. 2016) (per curiam). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Id. (quoting United States v. Cook, 698 F.3d 667, 670 (8th Cir. 2012)). A within-Guidelines sentence is presumed reasonable. United States v. Chavarria-Ortiz, 828 F.3d 668, 672 (8th Cir. 2016).

Williams has not rebutted the presumption that his within-Guidelines sentence was reasonable. The district court took into consideration the sole mitigating factor presented by Williams—that he possessed the firearm for a good reason. The court discussed the factors set forth in 18 U.S.C. § 3553(a), including its observations that "this conduct is repeated conduct," and that the time Williams previously spent in

---

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

prison had not deterred him from committing the instant offense. Under these circumstances, the sentence was not unreasonable.

The district court's judgment is affirmed.

_____