# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2802

_____

United States of America

*Plaintiff - Appellee*

v.

Santos Martin-Diaz, also known as Sergio Perez-Donain

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: June 10, 2019
Filed: July 26, 2019
[Unpublished]

_____

Before GRUENDER, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

After pleading guilty to reentering the United States illegally following deportation, *see* 8 U.S.C. § 1326(a), Santos Martin-Diaz faced a Sentencing Guidelines range, as calculated in his presentence report, of 46–57 months in prison. He did not object to that calculation, but he did request "a significant downward variance" on the ground that the Guidelines made too much of his criminal history,

which consisted of convictions for DUI and two illegal entries into the country. The district court[1] declined to lower Martin-Diaz's criminal history score, but granted what it termed a downward departure by three levels because applicable enhancements "w[ound] up overstating the overall conduct of the defendant." The new Guidelines range was 33–41 months in prison, and the district court sentenced Martin-Diaz to 33 months' imprisonment.

On appeal, Martin-Diaz maintains that his sentence is substantively unreasonable, a matter that we review for an abuse of discretion. *See United States v. Williams*, 913 F.3d 1115, 1116 (8th Cir. 2019) (per curiam). We presume sentences within the Guidelines range are reasonable, *see id.*, and we have pointed out that we rarely reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable. *United States v. Vanhorn*, 740 F.3d 1166, 1169 (8th Cir. 2014).

Martin-Diaz challenges the effect that a particular enhancement had on his sentence. Under USSG § 2L1.2(b)(2)(D), four levels were added to his offense level because he had been convicted of a felony before being ordered deported. Martin-Diaz explains that, before he was convicted of his first felony DUI, he had come to the attention of immigration authorities, and instead of leaving under a deportation order, he voluntarily departed the country. Had he instead put the government through the burden of issuing a deportation order, he explains, the enhancement would not apply since his first felony conviction came after he would have been deported. The enhancement, he therefore explains, "applied by accident of history."

We emphasize that Martin-Diaz does not argue that the enhancement does not apply by its terms; he merely argues that its application resulted in a substantively

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

unreasonable sentence. We disagree. The district court carefully considered the effect the enhancement had on Martin-Diaz's Guidelines range and adjusted the Guidelines calculation accordingly. It then sentenced him at the bottom of the recalculated range. Simply because the district court did not weigh this consideration as heavily as Martin-Diaz wishes does not mean that the court abused its discretion, *see United States v. Moua*, 895 F.3d 556, 560 (8th Cir. 2018) (per curiam), especially since the enhancement indisputably applied. Martin-Diaz has therefore failed to rebut the presumption that his within-Guidelines sentence is reasonable.

Affirmed.

_____