# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1405

———————————————

United States of America

*Plaintiff - Appellee*

v.

Heriberto Banuelos Barron

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: October 21, 2020
Filed: December 7, 2020
[Unpublished]

——————————

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

Heriberto Banuelos Barron pleaded guilty to one count of aiding and abetting distribution of more than fifty grams of methamphetamine. *See generally* 21 U.S.C. § 841(a)(1), (b)(1)(A). Barron had a total offense level of 33, a criminal-history category of IV based on 9 criminal-history points, and an advisory sentencing

guidelines range of 188 to 235 months' imprisonment.  The district court[1] sentenced him to 150 months' imprisonment, 38 months below the bottom end of his guidelines range.  On appeal, Barron challenges his sentence as substantively unreasonable, claiming that it was greater than necessary to punish him for his offense.

We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "When conducting this review," we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range."  *Id*.  "Sentencing courts have wide discretion to weigh the [18 U.S.C.] § 3553(a) factors."  *United States v. Donahue*, 959 F.3d 864, 867 (8th Cir. 2020) (internal brackets and ellipses omitted).  "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors."  *United States v. Johnson*, 812 F.3d 714, 715 (8th Cir. 2016) (per curiam).  "When a district court has sentenced a defendant below the advisory Guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further."  *United States v. Nevatt*, 960 F.3d 1015, 1022 (8th Cir. 2020) (per curiam) (internal brackets omitted).

Barron was sentenced below the bottom end of his guidelines range, making it nearly inconceivable that the district court abused its discretion by imposing a substantively unreasonable sentence.  *See id*.  The district court noted the terrible effects methamphetamine has on individuals and the community as well as the "huge amounts" of it involved in this case.  The court also stated that Barron's criminal history was not "over-represent[ed]" and that his criminal-history points placed him "at the top" of criminal-history category IV.  *See* U.S.S.G. § 5A.  After reviewing

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

the record, we conclude that the district court did not abuse its discretion in sentencing Barron.  Therefore, we affirm.

_____