# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1898

_____

United States of America

*Plaintiff - Appellee*

v.

Leauna Monchelle Tobay

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 14, 2022
Filed: January 31, 2023
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

After Leauna Tobay violated a supervised release condition, the district court[1] revoked her supervision and sentenced her to a term of 30 months' imprisonment followed by 12 months of supervised release. Tobay appeals raising three issues:

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

(1) the special condition of her supervision that prohibits her from driving without court approval; (2) a claim that the district court increased her sentence to accommodate treatment in violation of Tapia v. United States, 564 U.S. 319 (2011); and (3) the substantive reasonableness of her sentence. We affirm.

In 2019, Tobay was convicted in state court for driving under the influence of alcohol. In 2020, Tobay was convicted in federal court for importation of methamphetamine and sentenced to time served followed by three years of supervised release. While on supervision, Tobay repeatedly violated her supervised release conditions, primarily by using alcohol and controlled substances. Between February and March 2021, Tobay tested positive for controlled substances five times. In July 2021, she used alcohol and controlled substances and admitted to consuming alcohol before driving a vehicle. The district court ordered that Tobay participate in a residential reentry center program. Tobay continued to have difficulties complying with the terms of her supervision, consuming alcohol in August and September 2021. Following Tobay's arrest on December 25, 2021, for driving in the wrong direction on a one-way street while under the influence, Tobay's supervising officer sought revocation of her supervised release.

At the revocation hearing, Tobay did not contest the violation. The district court properly found that Tobay's revocation guidelines range was 4 to 10 months. The government recommended that the court impose an imprisonment term of 30 months followed by 12 months of supervised release. Tobay requested a 12-month-and-1-day straight-time sentence. During argument, defense counsel noted the probation officer had recommended a sentence of 30 months so Tobay could participate in the Residential Drug Abuse Program ("RDAP"). Defense counsel argued it would be inappropriate under Tapia for the court to increase Tobay's sentence based on her need for rehabilitation.

Before imposing sentence, the district court considered the relevant factors under 18 U.S.C. § 3553(a), giving great weight to the seriousness of Tobay's violation, which could have resulted "in great tragedy." The court found that

-2-

previous substance abuse treatment resources had been ineffective and stated it was "going to order the RDAP program." The court recognized the danger that Tobay's conduct presents to the public and the need for deterrence. Based on these considerations, the court varied above the advisory guidelines range and imposed a 30-month term of imprisonment followed by 12 months of supervised release. Over Tobay's objection, the district court prohibited Tobay from driving while on supervision until further order of the court.

Tobay first asserts the supervision condition prohibiting her from driving is more restrictive than reasonably necessary. We review the imposition of a special supervised release condition for an abuse of discretion. United States v. Crume, 422 F.3d 728, 732 (8th Cir. 2005) (citation omitted). A district court may impose a special condition of supervised release if three requirements are satisfied: (1) the condition "must be 'reasonably related' to" relevant sentencing factors; (2) the condition must "involve[] no greater deprivation of liberty than is reasonably necessary" for relevant sentencing needs; and (3) the condition must comport with "any pertinent policy statements issued by the sentencing commission." Id. at 732-33 (citations omitted). "To determine whether a special condition satisfies these requirements, the court must make an 'individualized inquiry' into the facts and circumstances to avoid categorical sentencing and must make sufficient findings on the record to be statutorily compliant." United States v. Fulk, 879 F.3d 859, 862 (8th Cir. 2018) (citation omitted).

Given the district court's findings regarding Tobay's extensive history of alcohol and substance abuse, her proclivity to drive while intoxicated, and, without effective substance abuse treatment, the risk Tobay poses to the public, the district court did not abuse its discretion by restricting Tobay's driving privilege until further order of the court. Cf. United States v. Penson, No. 21-13530, 2022 WL 2089973, at *3 (11th Cir. June 10, 2022) (per curiam) (upholding a driving ban based on the defendant's criminal history and alcohol addiction); United States v. Shires, 199 F. App'x 295, 296 (4th Cir. 2006) (per curiam) (upholding a driving ban based on the defendant's history of alcohol and substance abuse); United States v. Kingsley, 241

F.3d 828, 837-40 (6th Cir. 2001) (upholding a driving ban based on the defendant's criminal history involving vehicular offenses and his alcohol and substance abuse). Tobay was cited for driving with a suspended license and there is a lack of evidence in the record indicating her license has been reinstated. Nonetheless, she argues an ignition interlock device is a feasible, less-restrictive alternative but this type of device would not fulfil the court's objective as it would not prevent Tobay from driving under the influence of controlled substances or from driving others' vehicles. While Tobay asserts she must drive in order to get to work, care for her family, and report to her probation officer, she provides no reason she cannot utilize public transportation or other available means for these purposes. Finally, the condition is not absolute during her entire period of supervision. The court prohibited Tobay from driving until further order of the court. We expect the court will not arbitrarily refuse to consider lifting the driving restriction if Tobay has her driver's license reinstated and demonstrates she is no longer a public safety risk. See Fulk, 879 F.3d at 863 (finding no abuse of discretion in imposing a special travel condition when, in part, "we expect the district court will not arbitrarily refuse approval of Fulk's request to travel outside of the state of Iowa when appropriate safeguards are available").

Tobay next asserts the district court imposed a lengthy sentence to facilitate treatment or rehabilitation in violation of Tapia. Under Tapia, a district court "may not 'impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation.'" United States v. Blackmon, 662 F.3d 981, 986 (8th Cir. 2011) (quoting Tapia, 564 U.S. at 335). Nonetheless, a district court may recommend that the Bureau of Prisons provide a defendant with needed treatment. United States v. Holdsworth, 830 F.3d 779, 784-85 (8th Cir. 2016) (citation omitted).

Here, the district court committed no Tapia error. The court specifically stated the bases for its sentence: (1) the seriousness of Tobay's offense; (2) her history and characteristics; and (3) the need to deter and protect the public. The court made no mention of rehabilitation as a reason for the sentence. This is not a case where it can

be claimed that the court overlooked Tapia since defense counsel specifically cited Tapia in his plea for leniency to the court. See United States v. Campbell, 976 F.3d 775, 777 (8th Cir. 2020) (per curiam) ("When issues are raised . . . at the sentencing hearing, a district court is presumed to consider them." (citation omitted)). The court's statement that it was going "to order the RDAP program" was a permissible judicial recommendation. That the probation officer recommended a 30-month term of imprisonment so Tobay could participate in the RDAP is of no consequence where the district court did not rely on the recommendation in imposing the sentence.

Lastly, we review the substantive reasonableness of revocation sentences under the deferential abuse of discretion standard. See United States v. Cain, 976 F.3d 778, 779 (8th Cir. 2020) (per curiam). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (citation omitted). The record demonstrates that the district court considered and weighed the appropriate factors under 18 U.S.C. § 3583(e). While Tobay argues she received a proportionally-significant upward variance and notes more serious offenders have received lesser sentences, district courts are afforded broad sentencing discretion. See United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010) ("The district court may give some factors less weight than a defendant prefers or more to other factors [without] justify[ing] reversal." (citation omitted)); see also United States v. Clark, 998 F.3d 363, 369 (8th Cir. 2021) (rejecting a "percentage-based argument" because "deviations from the Guidelines range will always appear more extreme—in percentage terms—when the range itself is low" (citation omitted)). The district court provided a reasoned basis for imposing an above-guidelines revocation sentence. The sentence is not substantively unreasonable.

For the foregoing reasons, we affirm the judgment of the district court.

_____