# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1116
_____

United States of America

*Plaintiff - Appellee*

v.

Kevin F. Thomas, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 13, 2025
Filed: June 3, 2025
[Unpublished]

_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

The district court[1] sentenced Kevin Thomas to 24 months in prison after finding that he violated the conditions of supervised release, including by assaulting

_____

[1]The Honorable C.J. Williams, then District Judge, now Chief Judge, United States District Court for the Northern District of Iowa.

an ex-girlfriend.  He argues that the assault never happened and his sentence is substantively unreasonable.

We conclude otherwise.  On this record, there was nothing clearly erroneous about finding that Thomas violated the no-new-crimes condition by committing an assault.  *See* 18 U.S.C. § 3583(e)(3) (allowing the district court to revoke supervised release if it finds a violation "by a preponderance of the evidence"); *United States v. Petersen*, 848 F.3d 1153, 1156 (8th Cir. 2017) (reviewing for clear error).  Look no further than his ex-girlfriend's testimony, which described how he put his hands around her neck and squeezed.  *See United States v. Cates*, 613 F.3d 856, 858 (8th Cir. 2010) (deciding who to believe is "quintessentially a judgment call and virtually unassailable on appeal" (citation omitted)).  Under Iowa law, those actions qualify as domestic-abuse assault.  *See* Iowa Code § 708.2A(5); *see also United States v. Sistrunk*, 612 F.3d 988, 991 (8th Cir. 2010) (explaining that we will reverse only if we are left with a "definite and firm conviction" that the district court made a mistake (citation omitted)).

Thomas's substantive-reasonableness challenge fares no better.  *See United States v. Clark*, 998 F.3d 363, 367 (8th Cir. 2021) (reviewing for an abuse of discretion); *see also United States v. Williams*, 913 F.3d 1115, 1116 (8th Cir. 2019) (noting that a "within-Guidelines sentence is presumed reasonable").  The record shows that the district court sufficiently considered the statutory sentencing factors, *see* 18 U.S.C. §§ 3553(a), 3583(e)(3), and did not rely on an improper factor or commit a clear error of judgment.  *See Clark*, 998 F.3d at 369–70.  Among other things, it explained that Thomas received a longer sentence because he was dangerous, missed numerous drug tests, and left the district without permission.  We accordingly affirm the judgment of the district court.

_____